ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION ON SEVERAL QUESTIONS CONCERNING ECONOMIC DEVELOPMENT EXPENDITURES BY OKLAHOMA COUNTY. BECAUSE YOUR QUESTIONS MAY IN LARGE PART BE ANSWERED BY REFERENCE TO AN EXISTING OPINION OF THE ATTORNEY GENERAL, A FORMAL OPINION IS NOT NECESSARY.
1. LIMITS OF PERMISSIBLE ECONOMIC DEVELOPMENT EXPENDITURES BY COUNTIES.
IN YOUR FIRST QUESTION, YOU INQUIRE ABOUT THE LIMITS OF ECONOMIC DEVELOPMENT EXPENDITURES BY COUNTIES. THIS QUESTION IS ANSWERED BY EXAMINATION OF THE STATUTES GOVERNING THE POWERS OF COUNTIES AND REVIEW OF AN OPINION OF THE ATTORNEY GENERAL.
SECTION 19 O.S. 1101 OF TITLE 19 OF THE OKLAHOMA STATUTES AUTHORIZES COUNTIES TO PROVIDE FOR THE ESTABLISHMENT OF COUNTY-WIDE ECONOMIC DEVELOPMENT PROGRAMS AND TO FUND SUCH PROGRAMS WITH MONIES FROM THE COUNTY GENERAL FUND. PERMISSIBLE ECONOMIC DEVELOPMENT EXPENDITURES INCLUDE CONDUCTING STUDIES; PREPARING COMPREHENSIVE PLANS FOR FUTURE ECONOMIC GROWTH AND DEVELOPMENT; TAKING INVENTORY OF THE SERVICES, FACILITIES AND RESOURCES OF THE COUNTY; AND PROMOTING THE DEVELOPMENT OF INDUSTRY AND COMMERCE. 19 O.S. 1102 (1991).
ALTHOUGH 19 O.S. 1101, ET SEQ., AUTHORIZE COUNTIES TO MAKE EXPENDITURES FOR A BROAD RANGE OF ECONOMIC DEVELOPMENT PURPOSES, SUCH EXPENDITURES MUST NEVERTHELESS BE CONSISTENT WITH OVERRIDING CONSTITUTIONAL LIMITATIONS. THE LIMITATIONS WHICH ARE OF PRIMARY CONCERN HERE ARE
 (1) THE PUBLIC PURPOSE REQUIREMENT OF ARTICLE X, SECTION 14 OF THE OKLAHOMA CONSTITUTION, AND
 (2) THE PROHIBITION AGAINST APPROPRIATING PUBLIC MONIES TO PRIVATE ENTITIES EMBODIED IN ARTICLE X, SECTION 17 OF THE OKLAHOMA CONSTITUTION.
THE APPLICATION OF THESE TWO PROVISIONS TO THE ACTIVITIES OF LOCAL GOVERNMENTS IS THOROUGHLY DISCUSSED IN A PRIOR OPINION OF THE ATTORNEY GENERAL, A.G. OPIN. 86-026 (FOR YOUR CONVENIENCE, A COPY OF A.G. OPIN. 86-026 IS ENCLOSED). IN THAT OPINION, ONE OF THE QUESTIONS ADDRESSED WAS WHETHER A MUNICIPALITY MAY TAKE MONIES FROM ITS GENERAL FUND AND TURN THEM DIRECTLY OVER TO A PRIVATE ENTITY SUCH AS THE LOCAL CHAMBER OF COMMERCE. THE OPINION DETERMINED THAT A DIRECT TRANSFER OF MONIES WOULD VIOLATE THE CONSTITUTIONAL RESTRICTIONS SET FORTH IN ARTICLE X, SECTION 14/ARTICLE X, SECTION 17 OF THE OKLAHOMA CONSTITUTION. ID.
THE OPINION WENT ON TO OBSERVE, HOWEVER, THAT A MUNICIPALITY COULD ENTER INTO A CONTRACT TO RECEIVE BENEFITS IN EXCHANGE FOR PAYMENT OF CONSIDERATION IF THE CONTRACT MET TWO CRITERIA. FIRST, THE OBJECT OF THE CONTRACT MUST BE A PUBLIC PURPOSE; IN THIS REGARD, THE OPINION NOTED THAT OKLAHOMA COURTS HAVE LONG RECOGNIZED ECONOMIC DEVELOPMENT EXPENDITURES AS BEING FOR A PUBLIC PURPOSE. SECOND, THE CONTRACT MUST PROVIDE THAT THE GOVERNMENTAL ENTITY RETAINS ULTIMATE CONTROL OVER THE EXPENDITURE OF FUNDS TO COMPLY WITH THE REQUIREMENT THAT PUBLIC MONIES NOT BE APPROPRIATED TO PRIVATE ENTITIES. A.G. OPIN. 86-026. SEE, ALSO, WAV V. GRAND LAKE ASSOCIATION. INC., 635 P.2D 1010 (OKLA. 1981).
ONE ADDITIONAL ISSUE WHICH MIGHT APPEAR TO BE RELEVANT — BUT WHICH WAS NOT ADDRESSED IN A.G. OPIN. 86-026 — IS THE QUESTION OF WHETHER ADVANCE PAYMENTS MADE UNDER A CONTRACT FOR SERVICES VIOLATES THE "LENDING THE CREDIT" CLAUSE OF ARTICLE X, SECTION 17 OF THE OKLAHOMA CONSTITUTION. ALTHOUGH OKLAHOMA'S JURISPRUDENCE ON THIS POINT IS NOT WELL DEVELOPED, THERE IS A CLEAR AND PERSUASIVE TREND AMONG THE COURTS OF OTHER STATES RESPECTING THE TREATMENT OF THE "LENDING THE CREDIT" CLAUSE. AS STATED IN THE LEADING CASE OF GROUT V. KENDALL, 195 IOWA 467, 192 N.W. 529 (1923), THE PURPOSE OF THE CLAUSE IS TO WITHHOLD FROM THE STATE "ALL POWER OR FUNCTION OF SURETYSHIP." ACCORD JOHN HOPKINS UNIVERSITY V. WILLIAMS, 199 MD. 382, 86 A.2D 892 (1952); STATE EX REL. WISCONSIN DEVELOPMENT AUTHORITY V. DAMMANN, 228 WIS. 197, 280 N.W. 689 (1938); UTAH TECHNOLOGY FINANCE CORPORATION V. WILKINSON, 723 P.2D 406 (UTAH 1986). SEE, ALSO, A.G. OPIN. 90-034.
WHILE THE AUTHORITIES CITED ABOVE RELATE TO THE CONSTITUTIONAL RESTRICTION WHICH PREVENTS THE STATE FROM LENDING ITS CREDIT, THERE IS NO SUBSTANTIVE DIFFERENCE BETWEEN THIS CONSTITUTIONAL PROHIBITION AND THE ONE WHICH APPLIES TO COUNTIES. IT IS, THEREFORE, APPROPRIATE TO USE THE SAME ANALYSIS HERE. ACCORDINGLY, THE "LENDING THE CREDIT" CLAUSE OF ARTICLE X, SECTION 17 ACTS TO PREVENT A COUNTY FROM BECOMING A SURETY OR GUARANTOR. THE CLAUSE DOES NOT ACT TO PROHIBIT A COUNTY FROM MAKING PAYMENT OF CONSIDERATION UNDER A CONTRACT, EVEN WHERE SUCH PAYMENT IS MADE IN ADVANCE OF THE RECEIPT OF SERVICES.
IN SUM, COUNTIES ARE AUTHORIZED TO MAKE EXPENDITURES FOR ECONOMIC DEVELOPMENT PURPOSES PURSUANT TO 19 O.S. 1101, ET SEQ., SO LONG AS THE CONTRACTS THROUGH WHICH SUCH EXPENDITURES ARE MADE FALL WITHIN THE PARAMETERS DESCRIBED IN A.G. OPIN. 86-26.
2. PROPOSED EXPENDITURES WHICH INVOLVE THE OKLAHOMA COUNTY EAST COMMUNITY DEVELOPMENT CORPORATION.
IN YOUR SECOND QUESTION, YOU ASK ABOUT CERTAIN PROPOSED EXPENDITURES WHICH INVOLVE THE OKLAHOMA COUNTY EAST COMMUNITY DEVELOPMENT CORPORATION ("CDC"). WHILE I HAVE NOT CONDUCTED AN INQUIRY INTO THE NATURE OR EXTENT OF ANY SUCH EXPENDITURES, I HAVE DISCUSSED IN GENERAL TERMS THE CATEGORIES OF PROPOSED EXPENDITURES WITH A REPRESENTATIVE OF THE CDC. THE CDC ADVISED ME THAT THE CONTEMPLATED EXPENDITURES RELATE TO THE FUNDING OF COMMUNITY NEEDS SURVEYS; FEASIBILITY STUDIES; DEVELOPMENT PLANNING; AND EFFORTS TO MARKET CERTAIN TARGET AREAS AS POTENTIAL SITES FOR A SHOPPING CENTER PROJECT.
THESE TYPES OF EXPENDITURES APPEAR TO BE CONSISTENT WITH BOTH THE STATUTORY AUTHORIZATION OF 19 O.S. 1101 AND THE PUBLIC PURPOSE REQUIREMENT OF ARTICLE X, SECTION 14 OF THE CONSTITUTION. HOWEVER, FOR SUCH EXPENDITURES TO COMPLY WITH THE PROHIBITIONS OF ART. X, 17 OF THE OKLAHOMA CONSTITUTION, THEY MUST BE EFFECTED THROUGH CONTRACTUAL RELATIONS. TO ENSURE THAT SUCH CONTRACTUAL RELATIONS ARE SUFFICIENT TO COMPLY WITH THE RESTRICTIONS OF ARTICLE X, SECTION 17 THEY SHOULD FALL WITHIN THE PARAMETERS OUTLINED IN A.G. OPIN. 86-026.
3. PAST PAYMENTS TO THE CENTRAL OKLAHOMA ECONOMIC DEVELOPMENT ASSOCIATION FOR "MEMBERSHIP DUES".
IN YOUR THIRD QUESTION, YOU ASK ABOUT THE PROPRIETY OF CERTAIN PAST PAYMENTS BY OKLAHOMA COUNTY TO THE CENTRAL OKLAHOMA ECONOMIC DEVELOPMENT ASSOCIATION ("COEDA") FOR "MEMBERSHIP DUES." BECAUSE THIS QUESTION RELATES TO SPECIFIC FACTUAL EVENTS, IT CAN ONLY BE ANSWERED BY REFERENCE TO THE PARTICULAR FACTS AND CIRCUMSTANCES OF THE SITUATION. SUCH AN INQUIRY IS BEYOND THE SCOPE OF A LEGAL OPINION OF THE ATTORNEY GENERAL.
(K. W. JOHNSON)